[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants seek to dissolve an ex parte prejudgment remedy placed against property of the defendant partnership.
The issues argued by the parties are (1) do general partners of the defendant partnership have standing to challenge the validity of plaintiffs' prejudgment remedy; (2) is there probable cause to sustain plaintiffs' claim for prejudgment remedy; (3) is the lack of equity in real estate sought to be attached a basis for denying plaintiffs' CT Page 1827 application for a prejudgment remedy.
(1) The owner of the property sought to be foreclosed by the plaintiff, Colonial Capitol Center Limited Partnership, has been joined in this action by two of its general partners, Leonard Ginsberg (Ginsberg) and Kenneth Schwartz (Schwartz). Plaintiffs claim that the two general partners have no standing to challenge the prejudgment remedy placed against the property owned by the limited partnership.
The general powers of a general partner in a limited partnership are the same as a general partner in a partnership without limited partners. Conn. Gen. Stat. 34-17. A limited partnership acts through an agent, in this case a general partner. Conn. Gen. Stat. 34-17. Under such statutory authority, the general partners of a limited partnership have every right to challenge the validity of the prejudgment remedy placed against the assets of the limited partnership. See 1 Stephenson, Connecticut Civil Procedure (2d ed), Sec. 46 Attachment, p. 193; Isham v. Downer, 8 Conn. 282, 285 (1830).
(2) The parties, at the hearing to dissolve the prejudgment remedy have stipulated that there is probable cause for the cause of action, that is, a default in the payment of an obligation to pay a debt owed to the plaintiff.
(3) The lack of equity in an asset subject to attachment should not be the basis to deny such an attachment. If the limited partnership has no equity left in the asset under attachment, it would have no interest in whether or not the attachment was dissolved. On the other hand, the plaintiffs, by having an attachment on the asset may challenge the validity of prior liens on the asset in order to better its position. It may also happen that prior liens may be paid off and released prior to judgment in this case. In any event, the determination of whether or not the asset has equity, should be left to the plaintiff in a prejudgment remedy hearing rather than the defendant since it is the plaintiff's loss if the asset has no equity, not the defendant.
ARONSON, J.